UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

CAITILIN FINNERTY,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, Caitilin Finnerty, hereby sues the Defendant, Royal Caribbean Cruises, Ltd., and files this Complaint, and alleges:

## THE PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and

is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, Caitilin Finnerty, is sui juris and is a resident of Barry's Bay, Ontario, Canada.

4. The Defendant, Royal Caribbean Cruises, Ltd. (hereinafter "Royal Caribbean"), is a foreign corporation incorporated in Liberia, authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on August 18, 2013.

8. **LOCATION OF INCIDENT.** This incident occurred onboard the vessel *Jewel of the Sea*, while the ship was in navigable waters while the Plaintiff was a passenger aboard. The ship was docked in St. Maarten. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

10. **DESCRIPTION OF THE INCIDENT.** Royal Caribbean Cruises, Ltd. operates over 20 cruise ships. Those cruise ships contain numerous food serving facilities including restaurants, cafes, and bars. Royal Caribbean knows that when they serve food to the public, it has a duty to inform the public about foods which it knows or should know will cause allergic reactions. Further, and more importantly, when the food servers are managers of the food service facilities onboard the ships are advised by the passengers that a certain passenger has allergies to certain food items, the food servers have an obligation to verify that they are not serving those food items.

11. On the first day of the subject cruise, passenger Caitilin Finnerty and her mother went to the coffee bars aboard the ship which were serving coffee and milk products. Passenger Caitilin Finnerty and her mother met with the servers and managers working at those bars, introduced themselves, and advised them that passenger Caitilin Finnerty was required to be served only soy milk and not whole milk. Passenger Finnerty advised those employees of the consequences if Caitilin Finnerty was to be served anything but soy milk. Passenger Finnerty and her mother advised that in fact passenger Finnerty would suffer severe anaphylactic shock if anything but soy milk were served to her.

12. On the day of this incident, August 18, 2013, passenger Finnerty and her mother were at one of the coffee bars which they had been to before and had advised the employees of the allergies of Caitilin Finnerty. Miss Finnerty asked for coffee and asked the employee, twice, whether the milk they had to pour into the coffee was in fact soy milk. The employee serving the coffee confirmed <u>twice</u> that it was soy. Miss Finnerty then took a drink of the coffee which the employee had represented to her was served with soy milk, and realized it was whole milk and not soy milk. The woman, after Caitilin exhibited a bad reaction and said "I asked you twice if it was soy milk", ran over and said "I gave you the wrong one".

13. Caitilin then went into anaphylactic shock. Caitilin and her mother waited for a wheelchair that never arrived. This delayed the emergency treatment Caitilin desperately needed and caused an additional strain on her lungs, which were already affected by the allergic reaction, because Caitilin was forced to get herself from the Windjammer Café to the shipboard medical facility with no help from the cruise line's employees. She was taken off the ship at St. Maarten Medical Center on a ventilator. The physician told Caitilin and her mother that Caitilin was not going to live and that they needed to say goodbye to her. Caitilin's left lung collapsed. Eventually, she was flown to Aventura hospital and was on a ventilator for more than three days. She suffered permanent and debilitating damages including damages to vocal cords, lungs, and other systems as a result of the negligence of the cruise line.

<u>COUNT I</u><br><u>NEGLIGENCE</u>

14. The Plaintiff, hereby adopts and realleges each and every allegation in paragraphs 1 through 13, above.

15. **<u>DUTIES OWED BY THE DEFENDANT</u>**. The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs.*

*Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Royal Caribbean Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Royal Caribbean,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F 3rd 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1319 (11th Cir. 2003).

16.   The Defendant breached those duties and was negligent by:

5

     a. Failing to verify after being advised that passenger Caitilin Finnery should be served only soy milk to verify that the milk being served was in fact soy milk;

     b. Failing to train foodservice employees on the importance of following the requests and demands of the passengers they are serving who have expressed that they the passengers have food allergies;

     c. Failing to train foodservice workers sufficiently to prevent incidents like this;

     d. Failing to monitor foodservice workers to prevent incidents like this and to follow the instructions of passengers who have advised about food allergies;

     e. Failing to provide foods, when requested, which the passenger is not allergic to; and

     f. Failing to otherwise provide safe, edible, non-allergy generating foods to passengers.

17. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

18. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

19. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with

some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

20. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

21. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

22. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

23. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury and possibly aggravation of preexisting conditions, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

Wherefore, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to damages as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the

past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

                                      Hickey Law Firm, P.A.
                                      Attorney for Plaintiff
                                      1401 Brickell Avenue, Suite 510
                                      Miami, Florida 33131-3504
                                      Telephone: (305) 371-8000
                                      Facsimile: (305) 371-3542
                                      hickey@hickeylawfirm.com


                              By:_____
                                      John H. Hickey, Esq.
                                      Florida Bar No. 305081